

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-80,766-02

### EX PARTE JERREMIE JASON WILLIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W-21,278-C-2 IN THE 251ST DISTRICT COURT
### FROM RANDALL COUNTY

**YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined.**

### <u>CONCURRING OPINION</u>

Applicant was convicted in 2011 of continuous sexual assault of a young child and aggravated sexual assault of a child and sentenced to twenty-five years' imprisonment. The Seventh Court of Appeals affirmed his conviction in 2012. *Willis v. State*, No. 07-11-0235-CR (Tex. App.—Amarillo June 8, 2012) (mem. op., not designated for publication). Applicant filed this application for writ of habeas corpus in the county of conviction in 2021, alleging claims of new scientific evidence and false testimony. TEX. CODE CRIM. PROC. art. 11.07.

Today, the Court remands this application to the trial court to further develop the record. I agree this application should be remanded, and so I join the Court's order doing so. But I write separately, as I have previously, to address my thoughts concerning the

doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Sepeda*, No. WR-92,711-01, 2021 WL 2450089 (Tex. Crim. App. June 16, 2021) (per curiam) (not designated for publication) (Yeary, J., concurring) (reviewing *Ex parte Smith*'s holding and the principles that justify a trial court's *sua sponte* authority to consider laches).

The doctrine of laches ought to be considered in a case like this one. Applicant's trial occurred in 2011, but this amended writ application was not filed until over ten years later.[1] In addition, the record is silent so far regarding circumstances that may excuse Applicant's delay.

Consistent with this Court's precedent, the trial court may, *sua sponte*, give Applicant the opportunity to explain the reasons for the delay. It may also give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

FILED: November 10, 2021
DO NOT PUBLISH

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).